IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRANCE WILLIAMS,

    Petitioner,

v.                                          Civil action nos. 5:04cv106; 5:04cv107
                                                Criminal action nos. 5:02cr48; 5:03cr15
                                                (Judge Stamp)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 27, 2004, the *pro se* petitioner, an inmate at FCI-McKean, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody regarding his convictions in case numbers 5:02cr48 and 5:03cr15.

By Orders entered on October 4, 2004 and October 5, 2004, the Court ordered the respondent to answer the motion. On October 29, 2004, the respondent filed United States' Response to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 USC §2255. On November 17, 2004, the petitioner filed Petitioner's Rebuttle [sic] to Government's Response to 28 U.S.C. 2255 Petition. On December 16, 2004, the petitioner filed a Supplemental Memorandum of Law. Then, on April 19, 2005, the petitioner filed a document titled "Booker, Shepard Hughes Memorandum." Finally, on August 10, 2005, the petitioner filed a Freedom of Information Act Request Per 5 U.S.C. §552. This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

## II. FACTS

### A. Conviction and Sentence

On June 5, 2003, the petitioner pled guilty to possession with the intent to distribute marijuana in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(D)(Count 8 case no. 5:02cr48). He also pled guilty to a one count information which charged him with interstate transportation in aid of racketeering in violation of 18 U.S.C. §1952(a)(3)(Case no. 5:03cr15). The parties stipulated to relevant conduct of at least 50 but less than 150 grams of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal his sentence or collaterally attack his sentence.

Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

On October 14, 2003, the Court sentenced the defendant to 120 months imprisonment (60 months on Count 8, case no. 5:02cr48 and 60 months on Count 1, case no. 5:03cr15 to run consecutively). The petitioner did not appeal his conviction and sentence.

### B. Federal Habeas Corpus

**Petitioner's Contentions**

(1) Conviction obtained in violation of United States Constitution.[1]

(2) Conviction obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.

(3) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(4) Denial of effective assistance of counsel.

(5) The conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

**Respondent's Contentions**

(1) The petitioner's motion should be dismissed because the petitioner waived his right to file a §2255 motion.

(2) The defendant did not raise a search and seizure issue on direct appeal.

(3) The defendant was afforded effective assistance of counsel.[2]

(4) The plea was voluntary and knowing.

---

[1] The petitioner asserts that neither 21 U.S.C. §841 or 19 U.S.C. §1952 contain an enacting clause thus "rendering them null and void" and therefore, he has not committed a federal crime. He further asserts that his other grounds support his allegations that his conviction was obtained in violation of his constitutional rights.

[2] The petitioner asserts that his attorney mislead him "into pleading and stipulating to a higher amount of drugs placing him into a higher sentencing bracket which was not supported by the evidence and in violation of the law (Fraud statutes)." He also asserts that his attorney participated in "misconduct" and failed to (1) object to the drugs found in a pair of pants being included in the relevant conduct amount; (2) impeach the credibility of "2 crack heads"; and (3) challenge the misconduct of Officer Skeets.

## III. ANALYSIS

**A. Waiver**

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "United States v. Marin, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.'); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack.[3] Nonetheless, the Fourth Circuit stated that it saw no reason to treat waivers of collateral

---

[3]In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).

Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

attack rights different than waivers of direct appeal rights. Id.

The petitioner raises two claims which relate to the voluntariness of his plea, and thus, the voluntariness of his waiver. He asserts that his counsel mislead him into stipulating to a greater amount of drugs than was supported by the evidence and that his plea was not voluntary and knowing.

According to the petitioner, "information was withheld on Officer Skeets, the entire grand jury, and disinformation by the 'confidential informants' all contributed to a decision being made that was not consistant [sic] with the facts." The petitioner further alleges that his plea was due to "coercion, stress, pressure, and disinformation not supported by clear and convincing evidence," and that Rule 11 was violated because he was not advised of the maximum penalty. He also states that, while he advised the Court that his attorney had gone over the plea with him, he did not. He also states that he was instructed to answer "yes" when the Court asked him if his attorney fully explained the issues concerning the indictment, information, or the petitioner's base offense level. He further alleges that his plea was not knowing because the Court advised him that it could not determine his sentence under the guidelines.

During the plea hearing held on June 5, 2003, the Government presented the testimony of Matt Moore, a deputy sheriff with the Ohio County Sheriff's Department, to establish a factual basis for the plea. Deputy Moore testified that when officers searched 203 South Penn Street, Apartment #5 they found 44.7 grams of crack, 50 tablets of MDMA, also known as Ecstacy, a 45 caliber pistol and 25. 7 grams of marijuana. Also found was $5,045 in cash, including money which was given to the petitioner as part of a controlled buy. Deputy Moore further testified that the investigation

into the petitioner's activities revealed that he would travel from Cleveland, Ohio to Wheeling, West Virginia, to sell drugs. The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 8 of the indictment and Count 1 of the information. The petitioner further stated under oath that he had gone over the plea agreement with his attorney, that he understood he had agreed to waive his right to file a habeas petition, he understood that relevant conduct would be used to determine his sentence, the plea was not the "result of any threats, force, or harassment of any kind" and that the plea was not the result of any promises other than those contained in the plea agreement. He further stated that he understood that the Court could not determine his sentence until the presentence report was issued. The petitioner also testified that his attorney had reviewed the information and indictment with him, had adequately represented him, that his attorney had left nothing undone, that neither he nor his attorney had found a way to defend against the charges set forth in the indictment and the information, and that he was in fact guilty of the crime charged in count one of the indictment. The Court also advised the petitioner of the maximum sentence for both counts.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of Count 1 in the information and Count 8 of the indictment were established. The petitioner did not object to the Court's finding. Further, the petitioner never advised the Court during the plea hearing that the stipulated amount of relevant conduct was "exaggerated."

In determining whether a waiver is "knowing and intelligent, the court must review "the particular facts and circumstances surrounding [the] case, including the background, experience and

conduct of the accused." United States v. Davis, 954 F.2d 182,186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)).

Further, "a valid plea of guilty requires that the defendant be made aware of all 'the direct consequences of his plea.'" Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir.), cert. denied, 414 U.S. 1005 (1973) (quoting Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir.1972)), including the length of the maximum sentence or any mandatory minimum sentence which may be imposed. Manley v. United States, 588 F.2d 79, 81 (4th Cir.1978).

A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992). And, "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea. United States v. Lambey, 949 F. 2d 133, 137 (4th Cir. 1991) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

"In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–'permit[ting] quick disposition of baseless collateral attacks,' Blackledge, 431 U.S. at 79 n. 19, 97 S.Ct. 1621 (1977)." LeMaster, 403 F. 3d at 222.

Based upon the statements the petitioner made under oath during the plea hearing, the undersigned finds that the petitioner's plea and waiver were knowing and voluntary and that his §2255 motion is barred by the waiver.

Further, the petitioner's claims under Blakely v. Washington, 542 U.S. 296 (2004) and

7

United States v. Booker, ___ U.S. ____, 125 S.Ct. 738 (2005) are waived.[4] See, United States v. Blick, 408 F. 3d 162 (4th Cir. 2005). Even if it were not waived, Blakely, now Booker, does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005).

Because the petitioner's conviction became final prior to the issuance of the Booker decision, in accordance with the just mentioned decisions, the Court finds that the petitioner is not entitled to have Booker applied retroactively to his sentence.

## B. Freedom of Information Act Request

On August 10, 2005, the petitioner filed a Freedom of Information Act Request Per 5 U.S.C. §552 in which he requests "disclosure of Grand Jury testimony briefing, and debriefing statements" to show that he was not in possession of illegal drugs.

---

[4] Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."

Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

8

First, FOIA allows an individual to request an agency to make reasonably described records promptly available to the individual. Id. § 522(a)(3)(A). An agency includes "establishment[s] in the executive branch of the Government . . . or any independent regulatory agency." Id. § 522(f)(1). The United States District Court is not an "agency" as defined by FOIA. Accordingly, the petitioner's FOIA request is improper and should be dismissed.

Moreover, the undersigned has already determined that the petitioner's plea was knowing and voluntarily entered and that his §2255 motion is barred by the waiver contained in his plea agreement. Thus, the petitioner has no need for the Grand Jury transcripts. Therefore, his request should be denied.

## C. Evidentiary Hearing

With regard to the petitioner's request for an evidentiary hearing, 28 U.S.C. §2255 provides in pertinent part as follows.

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus, he is not entitled to an evidentiary hearing.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's

9

§2255 motion and supplemental motion and **DENYING** the petitioner's Freedom of Information Act Request.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: September 26, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE